IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00113-MSK-BNB

WOLF ROBOTICS, LLC, a Delaware limited liability company,

Plaintiff,

v.

BLUE WOLF ENTERPRISES, INC., an Idaho corporation,

Defendant.

___

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
___

This matter arises on **Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) or Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56** [Doc. #15, filed 06/04/2013] (the "Motion").  I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

### I.  STANDARD OF REVIEW

The defendant seeks dismissal of this case based on the doctrines of res judicata and collateral estoppel.  The defendant states that "[t]he principles of res judicata and collateral estoppel apply to both subject matter and personal jurisdictional determinations." *Motion*, p. 3. The defendant then applies the standard of review for subject matter jurisdiction.  While it is true that dismissal of a prior suit for lack of jurisdiction bars relitigation of the jurisdictional question, Matosantos Commercial corp. v. Applebee's Intern., Inc., 245 F.3d 1203, 1209-10 (10th Cir. 2001), res judicata is not a jurisdictional bar; it is an affirmative defense subject to waiver. Kenmen Engineering v. City of Union, 314 F.3d 468, 479 (10th Cir. 2002) (overruled on other

grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, (2005)); Mann v. Colorado, Civil Action No. 07-cv-01044-WDM-KLM, 2008 WL 906046 at *6 (D. Colo. March 31, 2008). Therefore, I analyze the Motion as a motion for summary judgment pursuant to Rule 56, Fed. R. Civ. P., not a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion, and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Summary judgment shall be rendered "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at

324.  Only admissible evidence may be considered when ruling on a motion for summary judgment.  World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

## II.  UNDISPUTED MATERIAL FACTS

1.  On July 11, 2012, plaintiff, Wolf Robotics, LLC, brought a suit in this court, Civil Action No. 12-cv-01806-WJM-BNB (the "2012 Case"), against defendant Blue Wolf Enterprises, Inc., for "infringing upon Plaintiff's trademark by advertising and selling robotic products similar to robotic products of Plaintiff under a similar mark."  *Motion*, Ex. A, ¶ 7.

2.  On August 8, 2012, the plaintiff filed a Notice of Settlement.  Id. at Ex. B.

3.  On August 8, 2012, the court entered an order directing the parties to file a stipulation or motion to dismiss with prejudice pursuant to Fed. R. Civ. P. 41(a), or a status report addressing why dismissal had not been accomplished.  Id. at Ex. C.

4.  On August 20, 2012, the plaintiff entered a Notice of Voluntary Dismissal (the "Notice") which states that "pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), [the plaintiff] hereby voluntarily dismisses the within cause of action with prejudice and without costs to any party."  Id. at Ex. D.

5.  On January 17, 2013, the plaintiff initiated this case by a Complaint identical to that filed in the 2012 Case.  Id. at Ex. E.

## III.  ANALYSIS

The defendant asserts that the Complaint is barred by res judicata.  Res judicata, or claim preclusion, "prevents parties from re-litigating issues that were or could have been raised in an action that has received a final judgment on the merits."  Coffman v. Veneman, 175 Fed.Appx. 985, 985 (10th Cir. 2006).  Federal claim preclusion law applies to determine the effect of the

judgment of a federal court.  Yapp v. Excel Corp., 186 F.3d 1222, 1226 (10th Cir. 1999).  For claim preclusion to apply, the following elements must exist: (1) a judgment on the merits in a prior action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in the two suits.  Id. at 1226.

A voluntary dismissal with prejudice under Rule 41(a)(1)(A)(i), Fed. R. Civ. P., "operates as a final adjudication on the merits and is thus a final judgment."  Schmier v. McDonald's LLC, 569 F.3d 1240, 1242 (10th Cir. 2009) (internal quotations and citations omitted).  In the previous action, the plaintiff voluntarily dismissed the case with prejudice under Rule 41(a)(1)(A)(i).  That dismissal constitutes a judgment on the merits, fulfilling the first requirement.

The Complaint in the 2012 Case is identical to the Complaint in this action.  Therefore, second requirement for identity of parties and the third requirement regarding identity of claims are met.

The plaintiff argues that claim preclusion should not apply because its "filing of a Notice of Settlement was a mistake on the part of its counsel" and "[b]asic fairness dictates that Defendant should not be allowed to avoid answering for the allegations leveled against it merely on the basis that Plaintiff mistakenly dismissed its original suit."  *Plaintiff's Response to Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) or Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56* [Doc. #21] (the "Response"), pp. 4-5.  The plaintiff further argues that "the parties did not litigate any issues" and the "Defendant was required to take no action whatsoever in response to the 2012 Complaint."  Id. at p. 4.  These arguments might be asserted pursuant to a Rule 60(b) challenge to the final judgment in the 2012 Case, but

they do not negate the elements of claim preclusion. Schmier, 569 F.3d at 1242 (stating that "[l]ike other final judgments, a dismissal with prejudice under Rule 41(a)(1)(A)(i) can be set aside or modified under Federal Rule of Civil Procedure 60(b)") (quoting Smith v. Phillips, 881 F.2d 902, 904 (10th Cir. 1989) (stating that "an unconditional dismissal [by stipulation of the parties] terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by [Rule] 60(b)")).

Relying on SV Int'l, Inc. v. Fu Jian Quanyu Indus. Co., Ltd., 820 F. Supp.2d 677, 687 (M.D.N.C. 2011), the plaintiff argues that "[e]ven if Plaintiff's accidental dismissal of Case No. 2012-CV-01816 with prejudice prohibits Plaintiff from pursuing claims of infringement prior to the dismissal in August 2012, it has no affect on infringement claims arising after that date" because the "Complaint in this action states that Defendant's infringement 'has continued to date.'" *Response*, pp. 5-6. In SV Int'l, the court stated:

> [O]rdinary application of claim preclusion rules will not bar subsequent litigation over subsequent conduct. This is because claim preclusion generally does not apply to acts that occur after a lawsuit is ended—even if the new lawsuit alleges violations of the same legal rights. See Lawlor v. Nat'l Screen Serv. Corp., 349 U.S. 322, 328, 75 S.Ct. 865, 99 L.Ed. 1122 (1955). As the Fourth Circuit has explained, "res judicata has very little applicability to a fact situation involving a continuing series of acts, for generally each act gives rise to a new cause of action." Crowe v. Leeke, 550 F.2d 184, 187 (4th Cir. 1977). Holding otherwise would "entitle the [wrongful actor] to continue or repeat the unlawful conduct with immunity from further suit" by virtue of a prior suit on the same legal theory. Smith v. Potter, 513 F.3d 781, 783 (7th Cir. 2008).
>
> \* \* \*
>
> Lawlor's principle has been applied in the patent infringement context. In Cordis Corp. v. Boston Scientific Corp., 635 F. Supp.2d 361 (D. Del. 2009), the court was faced with deciding whether the plaintiff's claim that the defendant's product infringed

5

> > the plaintiff's patent was barred by the plaintiff's previous lawsuit against the defendant for patent infringement as to the same product. Id. at 364, 366. In concluding that "claim preclusion [did] not bar" the subsequent suit, the court noted that "[t]he conduct at issue in this litigation occurred after the first judgment and could not possibly have been sued upon in the [prior case]." Id. at 370.
> >
> > \* \* \*
> >
> > Similarly, in Williams v. Gillette Co., 887 F. Supp. 181 (N.D. Ill.1995), a plaintiff's patent infringement suit was dismissed with prejudice after the parties entered into a settlement agreement, but the agreement did not determine whether the defendant's products infringed the plaintiff's patents. Thereafter, the plaintiff sued the defendant a second time, claiming that the defendant's continued sale of those same products after the first suit settled constituted new infringement of her patent. Citing Lawlor, the district court held that because Williams sought "only damages for infringement after the dismissal of the [first] lawsuit," the suit was not barred by claim preclusion. Id. at 184.
>
> Id. at 686-87 (footnotes excluded).

I agree with the reasoning of the SV Int'l court. There has been no determination in this case regarding whether the defendant infringed the plaintiff's trademark. To the extent the plaintiff seeks damages for infringement occurring after the dismissal of the 2012 Case, the Complaint is not barred by claim preclusion.

The defendant argues that even if claim preclusion does not apply, the judgment in the 2012 Case is nevertheless barred by issue preclusion. Issue preclusion, or collateral estoppel, bars reconsideration of an issue previously decided in a prior action where "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

B–S Steel of Kan., Inc. v. Tex. Indus., Inc., 439 F.3d 653, 662 (10th Cir. 2006). As discussed above, the 2012 Case made no decision regarding the issue of infringement. Therefore, the first element of issue preclusion is not met. Lawler, 349 U.S. at 327 (judgment dismissing prior suit with prejudice that was unaccompanied by findings was res judicata of same cause of action but did not constitute issue preclusion).

## IV.  CONCLUSION

I respectfully RECOMMEND that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) or Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 [Doc. #15] be GRANTED insofar as it seeks dismissal of the claims for infringement occurring on or before August 20, 2012, and DENIED to the extent it seeks dismissal of the claims for infringement after August 20, 2012.[1]

Dated December 30, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).